IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02000-MSK-OES

LEESA WITT,

Plaintiff(s),

vs.

CONDOMINIUMS AT THE BOULDERS ASSOCIATION, a Colorado nonprofit corporation,

Defendant(s).

ORDER GRANTING LENNAR'S
MOTION TO COMPEL ENTRY
AND
ORDER DENYING PLAINTIFF'S
MOTIONS FOR PROTECTIVE ORDER AND TO COMPEL

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER
Dated:  November 18, 2005

Third-Party Defendant Lennar Colorado (Lennar) has filed a motion in which it asks that I direct plaintiff to allow it to have access to the premises that are the subject of this lawsuit in order that its expert may take samplings of the air.  Lennar notes that plaintiff has not resided at the premises since the occurrence several years ago of the events that have given rise to this litigation.  Lennar has asked for an award of its fees for the filing of its motion because the only reason offered by plaintiff in opposition to its request is that Lennar's entitlement to do so "expired in October, 2003."  *See* Lennar's Mtn at 3.

After Lennar filed its motion to compel, plaintiff filed a motion for protective order and a motion to compel.  Plaintiff argues in her motions that she should be protected

from Lennar's request to enter upon her premises because Lennar has failed to show good cause for its request, other experts already have conducted similar testing on the premises and "Lennar has already had ample opportunity to obtain the discovery." In her motion to compel, plaintiff presents the interrogatories that are at issue, which generally demand that Lennar explain why it failed to conduct tests back in 2003.

## DISCUSSION

The cutoff for discovery does not expire until January 27, 2006. Whether others associated with this case conducted testing back in 2003, or whether Lennar had the opportunity at that time to conduct testing, is irrelevant to whether Lennar should be permitted to enter the premises and conduct testing at this time. The quality of the air in plaintiff's premises is the underlying issue in this case, and parties should be provided reasonable opportunities to conduct testing of the air. For that reason, Lennar's motion to compel will be granted, and plaintiff's motion for protective order will be denied.

Plaintiff's motion to compel answers to its interrogatories also will be denied. Plaintiff complains that Lennar's objections to its interrogatories on the basis of the attorney-client privilege and the attorney work product doctrine were stated too generally, and must be stated with specificity. In other circumstances, I might agree with this principle. However, plaintiff's interrogatories on their face inquire into the reasons that Lennar's attorneys decided upon particular courses of action with regard to the testing of the air in plaintiff's premises. The inquiries patently seek to invade attorney work product, and otherwise do not seek information that will tend to yield discoverable or relevant information.

Lennar's request for fees and costs, although close, will be denied. Plaintiff's request for fees is completely unjustified, and also will be denied.

### ORDERS

It is therefore ORDERED as follows:

1. Third-Party Defendant Lennar Colorado, LLC's Motion to Compel Entry Upon Land for Inspection and Other Purposes [Doc. 61, filed Oct. 19, 2005] is GRANTED.

2. Plaintiff's Motions for Protective Order and to Compel Answers to Interrogatories with Response to Third Party Defendant's Motion to Compel [Doc. 65, filed Oct. 27, 2005] are DENIED.

3. Plaintiff is ordered to allow defendants to enter plaintiff's premises to conduct inspections and testing as requested by Lennar.

4. Each party's request for fees is denied.

Dated at Denver, Colorado, this day of: November 18, 2005

BY THE COURT:

s/ O. Edward Schlatter
_____
O. Edward Schlatter
United States Magistrate Judge