IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02000-MSK-MEH

LEESA WITT,

    Plaintiff,

v.

CONDOMINIUMS AT THE BOULDERS ASSOCIATION, a Colorado nonprofit corporation, and TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a Connecticut corporation,

    Defendants,

CONDOMINIUMS AT THE BOULDERS ASSOCIATION, a Colorado nonprofit corporation,

    Third-Party Plaintiff,

v.

GENESEE COMMUNITIES VII, LLC,

    Third-Party Defendant.

## ORDER GRANTING MOTION TO COMPEL

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 24, 2006.**

    Before the Court is the Second Motion to Compel Entry Upon Land for Inspection and Other Purposes filed by Third-Party Defendant Genesee Communities VII, LLC ("Genesee").[1] By this motion, Genesee seeks to conduct a second seven-day air sampling at the premises which are the

---

[1] The first motion in this regard was filed by Third-Party Defendant Lennar Colorado, LLC (Docket #61), who has been dismissed, along with other Lennar entities, as a party to this action (Docket #91). Genesee and its subsidiaries were purchased by Lennar in 2002 (*see* DEFENDANT/THIRD-PARTY PLAINTIFF CONDOMINIUM AT THE BOULDERS' FIRST AMENDED THIRD-PARTY COMPLAINT, Docket 36, pp. 2-3).

subject of this lawsuit. As indicated by Genesee, one of the canisters containing air gathered under the first such testing has been compromised, and therefore, a second sampling is requested. Plaintiff opposes the motion, unless Genesee agrees to pay her legal fees and costs involved in allowing the second sampling to occur.

While there is a general presumption "that the responding party must bear the expense of complying with discovery requests," the responding party "may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). In this case, counsel for the Plaintiff represents that he traveled "six times [roughly 120 miles]" to the premises where the testing was done and "took several hours out of each of three business days" to accommodate the first sampling by Genesee's affiliate. The discovery sought by Genesee has been completed on one occasion, and there is no dispute that Genesee has access to the discovery. The problem that has arisen with the testing materials is not the fault of the Plaintiff, and nothing in the record demonstrates that performing the second sampling would conceivably benefit the Plaintiff. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 624 n.3 (10th Cir. 1982) ("we see no reason why a district court, exercising its discretion under Fed.R.Civ.P. 26(c), should be reluctant to place the costs of discovery upon the party deriving the benefit therefrom."). The Court has previously found that "[t]he quality of the air in plaintiff's premises is the underlying issue in this case, and parties should be provided reasonable opportunities to conduct testing of the air" (Docket #80); therefore, Genesee's motion will be granted. However, the costs and fees associated with the additional sampling will be born by Genesee.

In this regard, Plaintiff contends that Genesee should pay for 4 trips and about 3-5 hours of time for counsel to provide access to the premises in question (which is no longer inhabited by the Plaintiff, thereby requiring someone else to provide access).  Genesee indicates that Plaintiff has requested $858.20 in this regard, and further indicates that access to the premises is needed "on a date certain, beginning at 9:00 a.m., for placement of the canisters, and that it be available on a second date certain, seven days later, after 10:00 a.m., so that the industrial hygienist may pick up the undisturbed canisters."  Accordingly, Genesee has outlined an inspection schedule that is approximately half of that envisioned by the Plaintiff.  Therefore, the appropriate cost of discovery in this regard would be $429.10.

Based upon the foregoing, and the entire record herein, it is ORDERED that Genesee's Second Motion to Compel Entry Upon Land for Inspection and Other Purposes [Filed May 5, 2006; Docket #102] is **granted** in part and **denied** in part.  Plaintiff is ordered to allow an appropriate individual on behalf of Genesee to enter Plaintiff's premises on two additional occasions, first to place and then to retrieve sampling canisters.  In this regard, Genesee shall pay to the Plaintiff the sum of $429.10 prior to the commencement of the discovery.

Dated at Denver, Colorado, this 24th day of May, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge