IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02000-MSK-MEH

LEESA WITT,

    Plaintiff,

v.

CONDOMINIUMS AT THE BOULDERS ASSOCIATION, a Colorado nonprofit corporation, and TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a Connecticut corporation,

    Defendants,

CONDOMINIUMS AT THE BOULDERS ASSOCIATION, a Colorado nonprofit corporation,

    Third-Party Plaintiff,

v.

GENESEE COMMUNITIES VII, LLC,

    Third-Party Defendant.

## ORDER ON PENDING MOTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are three motions filed by the parties in this case in connection with various discovery disputes and one unopposed motion concerning the dispositive motion deadline set in this case. Oral argument would not assist the Court in the determination of these matters.

1.    <u>Plaintiff's Second Motion to Quash and for Protective Order</u>:

By this motion (Docket #116), Plaintiff moves to quash a subpoena issued by Third Party Defendant Genesee Communities VII ("Genesee") directed at Plaintiff's expert Robert Kinning for purposes of taking his deposition and requests that the Court issue a protective order to prevent

Genesee from taking the deposition and awarding the Plaintiff sanctions. Plaintiff's previous motion in this regard (Docket #110) was denied for failure to provide grounds or information upon which to determine that the relief requested was warranted. The current motion suffers from the same affliction. Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure clearly provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Plaintiff has failed to provide any authority or argument to overcome this rule. Plaintiff argues that the subpoena served by Genesee is defective because it failed to provide proper notice of the deposition, that it has upset Mr. Kinning by interfering with his May 28, 2006, wedding plans, and threatens to interfere with his relationship with the Plaintiff.

Plaintiff has failed to demonstrate any well-pleaded facts or facts from which it can be inferred to demonstrate a violation of Fed.R.Civ.P. 45(c). Although Mr. Kinning was disclosed as a witness in this matter in September, 2003, he was not disclosed as an expert by the Plaintiff until February 2, 2006.[1] Discovery in this matter was extended, by agreement of the parties, to May 31, 2006, at least in part because counsel for the Plaintiff indicated unavailability though the month of April (Docket #122). The record evidences that Genesee attempted to work with Plaintiff in the scheduling of Mr. Kinning's deposition and that Genesee had no knowledge of Mr. Kinning's wedding plans. Additionally, evidence demonstrates that when advised of the wedding, Genesee proposed an alternative schedule to getting the deposition taken. When no agreement in this regard was

---

[1] The Plaintiff contends that the disclosure was timely made under the January 30, 2006, Court imposed deadline for expert witness disclosures. However, the Plaintiff's Supplemental Designation of Expert Witnesses which disclosed Mr. Kinning as an expert, attached as Exhibit A to Genesee's response (Docket #122-2), clearly indicates a date of February 2, 2006. Plaintiff's argument that Fed.R.Civ.P. 6(e) applies in this regard is specious at best because the duty to disclose did not arise "after service" but, instead, under a date certain deadline set by this Court.

forthcoming, a subpoena was issued to preserve Genesee's discovery right before the deadline expired; it appears that actual notice under Fed.R.Civ.P. 30(b)(1) did not issue because of pending negotiations in this regard. As to Mr. Kinning's relationship with the Plaintiff, that is a matter beyond the scope of this lawsuit.

Plaintiff has failed to carry her burden under Fed.R.Civ.P. 26(c) that the subpoena should be quashed and a protective order issued. Accordingly, the motion will be denied and Plaintiff directed to produce Mr. Kinning for his deposition in this regard.

2. <u>Third-Party Defendant Genesee Communities VII, LLC's Motion to Compel Production of Medical Records</u>:

Genesee seeks disclosure of Plaintiff's medical records concerning her treatments, visits, or consultations with Dr. Suzanne Nash. Genesee generally is asking for the records because of its position that all or most of Plaintiff's complained-of symptoms may be caused by prescription medications prescribed by Dr. Nash, and that the records may also reveal other information such as admissions against interest, pre-existing conditions, or alternative causes of symptoms relevant to this litigation. Plaintiff opposes the disclosure of these records, arguing that (1) the motion is untimely made, because discovery closed on May 31, 2006, and the motion was filed on June 2, 2006, (2) the records belong to Dr. Nash, and not the Plaintiff, so the request should have been made to Dr. Nash under HIPAA procedures, and (3) because Dr. Nash is her ob/gyn physician, Genesee is only seeking this information to embarrass and harass her.

With regard to Plaintiff's contention that the motion is untimely, the record evidences that in responses to requests for production made in March, 2006, the Plaintiff represented that Dr. Nash's records had been produced (Docket #118-3). Further, it was not until May 31, 2006, that counsel for the Plaintiff confirmed that the records had not been produced (Docket #118-4). Accordingly,

the Court finds that this motion is timely.

Further, in this case, the Plaintiff claims emotional distress, personal injuries and bodily harm manifesting through various symptoms based on sewer gas emanating from common areas of the condominium built by Genesee which the Plaintiff had purchased and made her residence. The Court finds that Genesee is entitled to discovery of her medical records from Dr. Nash. *See generally Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997) (overruling objections to interrogatories asking sexual harassment plaintiff who claimed damages for mental and emotional pain to identify all physicians and health care professionals who had treated her or with whom she had consulted); *Fox v. Gates Corp.*, 179 F.R.D. 303, 306 (D. Colo. 1998). The medical records information is relevant to Plaintiff's claims in this regard. Additionally, the information is further relevant to the preparation of Genesee's defenses against Plaintiff's claims because the medical records may reveal matters unrelated to Genesee which may have affected Plaintiff's emotional and physical well being. Accordingly, Genesee's motion will be granted with regard to production of the medical records. However, the request for fees in this regard will be denied. Finally, the parties shall protect the Plaintiff's privacy by submitting a jointly agreed upon Protective Order in this regard.

3. <u>Joint and Unopposed Motion of Defendant Condominiums at the Boulders Association, Defendant the Travelers Indemnity Company, and Third-Party Defendant Genesee Communities VII, LLC to Extend Dispositive Motion Deadline</u>:

The parties seek an extension of time with regard to the dispositive motion deadline of June 15, 2006, based upon the pendency of the discovery motions ruled on above. For good cause shown, an extension of time will be granted. However, the extension must be made without jeopardizing the current pretrial conference date of October 6, 2006, and the January 16, 2007, trial date set by the Honorable Marcia S. Krieger.

4.     <u>Plaintiff's Motion to Compel Payment of Expert Witness Fees</u>:

Plaintiff requests that the Court compel Defendant Condominiums at the Boulders Association ("the Condos") to pay the reasonable expert witness fees for the time of Plaintiff's expert Tara Brockman in responding to the Condos deposition. Plaintiff contends that Ms. Brockman is entitled to payment for her time in preparing for the deposition as well as the time she spent being deposed. The Condos opposes the motion, arguing that while it is willing to pay Ms. Brockman at $300 per hour for her actual time spent in deposition, although it questions whether the hourly fee for Ms. Brockman is reasonable, under the law of the Tenth Circuit, it is not responsible for her time in preparing for the deposition.

> As noted by the United States District Court for the District of Kansas:
>
> The courts are divided on the issue of whether such time is compensable. Some courts have held that expert preparation time is compensable.[Footnote omitted.] Other courts have refused to award compensation for preparation time, at least in the absence of compelling circumstances, such as where the litigation is particularly complex or the expert must review voluminous records.[Footnote omitted.]

*Boos v. Prison Health Services*, 212 F.R.D. 578, 579 (D.Kan. 2002).

Notable in this observation is that the District of Colorado falls in the camp of the latter, *i.e.*, those courts which do not allow such awards without compelling circumstances. *See Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D. Colo. 1995); *Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo. 1990). In Ms. Brockman's bill, she notes the following items (Docket #123-2):

briefing with lawyer . . . . . . 2.0 hours

background research . . . . . . 4.0 hours

case analysis . . . . . . . . . . . 4.5 hours

Plaintiff has established no compelling circumstances to demonstrate that this preparation time

must be paid by the Condos. Most certainly, the time spent "briefing" Ms. Brockman by counsel is not chargeable. *Benjamin*, 130 F.R.D. at 457. Ms. Brockman's expert disclosure indicates that in connection with this matter, she would provide her opinion on the health effect on the Plaintiff caused by the pollution of her residence by sewer gas (Docket #129-2&3). Therefore, this would be her testimony at trial. At her deposition, Ms. Brockman indicated she began her research on sewer gas on May 9, 2006, which is the initial date given for deposition preparation for which she seeks compensation from the Condos (Docket #129-4&5). It is also a date well past the date of her expert opinion letter of January 27, 2006 (Docket #129-5). "One party need not pay for the other's trial preparation." *Benjamin*, 130 F.R.D. at 457 (quoting *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1998)). Additionally, the time experts spend reviewing their personal records with regard to a case in preparation for a deposition are not subject to payment by the deposing party. *Baker*, 163 F.R.D. at 350. Accordingly, as the law in this District provides, the Plaintiff's request will be granted to the extent that the Condos will be directed to compensate Ms. Brockman for her time in the deposition but denied with regard to payment of her preparation time. As set forth and agreed to by the Condos, a reasonable fee for Ms. Brockman's deposition time will be set at $1,500, based on $300 per hour for the 5 hours of deposition time she expended.

5.      Conclusion:

Based upon the foregoing, and the entire record herein, it is hereby **ORDERED** as follows:

a.      Plaintiff's Second Motion to Quash and for Protective Order [Filed May 26, 2006; Docket #116] is **denied.** Plaintiff is directed to consult with Robert Kinning and opposing counsel for a date convenient for the taking of Mr. Kinning's deposition which, absent exceptional circumstances, shall be held by no later than July 15, 2006. Discovery is extended in this case to and including July 15, 2006, for the purpose of the taking of Mr. Kinning's deposition.

b. Third-Party Defendant Genesee Communities VII, LLC's Motion to Compel Production of Medical Records [Filed June 2, 2006; Docket #118] is **granted**. Plaintiff shall produce the complete records of her treatments, visits, or consultations with Dr. Suzanne Nash to Third-Party Defendant Genesee by no later than July 15, 2006. Discovery is extended in this case to and including July 15, 2006, for the purpose of production of these medical records.

Additionally, by July 10, 2006, the parties shall submit to the Court, under motion, a jointly agreed upon Protective Order in the manner of *Gillard v. Boulder Valley School Dist. RE-2*, 196 F.R.D. 382 (D. Colo. 2000), or a similar HIPAA-compliant order to protect the Plaintiff's privacy and to comply with HIPAA in this regard.

c. Joint and Unopposed Motion of Defendant Condominiums at the Boulders Association, Defendant the Travelers Indemnity Company, and Third-Party Defendant Genesee Communities VII, LLC to Extend Dispositive Motion Deadline [Filed June 9, 2006; Docket #120] is **granted.** The dispositive motion deadline in this matter shall be July 31, 2006.

d. Plaintiff's Motion to Compel Payment of Expert Witness Fees [Filed June 13, 2006; Docket #123] is **granted** in part and **denied** in part. Defendant Condominiums at the Boulders Association shall pay the reasonable expert witness fees of $1,500 for Plaintiff's expert Tara Brockman in responding to their deposition.

e. All requests for sanctions, fees or costs in regard to these motions is hereby **denied.**

Dated at Denver, Colorado, this 5th day of July, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge