**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:04-CV-02000-MSK-MEH

LEESA WITT,

       Plaintiff,

v.

CONDOMINIUMS AT THE BOULDERS ASS'N, a Colorado non-profit corporation, and TRAVELERS PROPERTY CASUALTY INSURANCE CO., a Connecticut corporation,

       Defendant(s),

CONDOMINIUMS AT THE BOULDERS ASSOCIATION, a Colorado nonprofit corporation,

       Third-Party Plaintiff,

v.

GENESEE COMMUNITIES VII, LLC, a Colorado limited liability company;

       Third-Party Defendant.

---

**AGREED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order pursuant to 45 C.F.R. § 164.512(e) and to protect the discovery and dissemination of protected health information or information which could annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "PROTECTED HEALTH INFORMATION" shall be information that is privileged and implicates common law and statutory privacy interests of Plaintiff Leesa Witt concerning her treatments, visits, or consultations with Dr. Suzanne Nash,

1

Dr. Julia Essig, and Ms. Tara Brockman and all records of such treatments, visits or consultations. PROTECTED HEALTH INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case, including any appeals.

4. Documents, materials, and/or information (collectively "PROTECTED HEALTH INFORMATION ") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; except that these persons shall not scan or otherwise place plaintiff's protected health information onto any computer or other electronic storage device that is accessible to persons who are not actively working on this case;

   c. the parties, including designated representatives for the entity defendants;

   d. Dr. Ken Kulig, M.D. to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court and its employees ("Court Personnel");

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. other persons by written agreement of the parties.

5. Prior to disclosing any PROTECTED HEALTH INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as PROTECTED HEALTH INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "PROTECTED HEALTH INFORMATION."

7. Whenever a deposition involves the disclosure of PROTECTED HEALTH INFORMATION information, the deposition or portions thereof shall be designated as PROTECTED HEALTH INFORMATION and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record, during the deposition, whenever possible, but a party may designate portions of depositions as PROTECTED HEALTH INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript or the entry of this Agreed Protective Order by the Court.

8. A party may object to the designation of particular PROTECTED HEALTH INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as PROTECTED HEALTH INFORMATION to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as PROTECTED HEALTH INFORMATION under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as PROTECTED HEALTH INFORMATION and shall not thereafter be treated as PROTECTED HEALTH INFORMATION in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as PROTECTED HEALTH INFORMATION shall bear the burden of establishing that good cause exists for the disputed information to be treated as PROTECTED HEALTH INFORMATION.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as PROTECTED HEALTH INFORMATION shall be returned to the party that designated it PROTECTED HEALTH INFORMATION. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

BY THE COURT:

Entered:       July 13, 2006                          /s/ Michael E. Hegarty
                                                      Michael E. Hegarty
                                                      United States Magistrate Judge

Read and Agreed:

/s/ *Wade Warthen*                                    /s/ *Thomas Blomstrom*
Wade Warthen, Esq.                                    Thomas Blomstrom, Esq.


/s/ *Terry Wallace*                                   /s/ *Allison White*
Terry Wallace, Esq.                                   Allison White, Esq.